2-11-CR-440

12-14-11



# SEALED

DANIEL G. BOGDEN
United States Attorney
CRANE M. POMERANTZ
Assistant United States Attorney
333 South Las Vegas Blvd., Suite 5000
Las Vegas, Nevada 89101
(702) 388-6336

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
# -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL INDICTMENT |
| PLAINTIFF, | 2:11-CR-440 |
| VS. | VIOLATION: |
| ALEGRIA C. PHANKONSY,<br>    aka Marie Villanueva,<br>    aka Marie Phan,<br>    aka Alegria C. Phillips, | 18 U.S.C. § 1347- Health Care Fraud |
| DEFENDANT. | |

**THE GRAND JURY CHARGES THAT:**

At all times relevant:

### COUNTS ONE THROUGH FOURTEEN
Health Care Fraud - Medicare

1. From in or about March 2005, and continuing until in or about March 2010, in the State and Federal District of Nevada, and elsewhere,

**ALEGRIA C. PHANKONSY,**

defendant herein, knowingly and willfully executed and attempted to execute, a scheme and artifice to defraud a health care benefit program, and to obtain by means of materially false and fraudulent pretenses, representations, and promises, money owned by and under the

custody and control of the federal Medicare Program ("Medicare") in connection with the delivery of, and payment for, health care benefits, items and services. The scheme and artifice to defraud involved fraudulently billing Medicare for durable medical equipment ("DME") which were not provided to the patient and which were not medically necessary.

2. As part of the scheme and artifice, defendant **Phankonsy** simultaneously operated several durable medical supply companies in Las Vegas using several alias names.

    a. Defendant **Phankonsy** operated Proforma Medical Source ("Proforma") using the alias name Marie Villanueva. Between March 2005 and February 2009, Medicare paid Proforma approximately $9 million for items of DME allegedly provided to its customers.

    b. Defendant Phankonsy operated Divine Health ("Divine") using the alias name Marie Phan. Between July 2006 and February 2009, Medicare paid Divine approximately $1.5 million for items of DME allegedly provided to its customers.

    c. Defendant Phankonsy operated Freemotion Plus Medical Supply ("Freemotion") using the name Alegria Phankonsy. Freemotion was located in the same office complex as Divine. Between September 2008 and February 2010, Medicare paid Freemotion approximately $600,000 for items of DME allegedly provided to its customers.

3. As part of the scheme and artifice, defendant **Phankonsy** submitted and caused to be submitted fraudulent claims for DME that were never provided to her customers.

4. As part of the scheme and artifice, defendant **Phankonsy** submitted and caused to be submitted fraudulent claims for DME that were not medically necessary and had not been prescribed by a physician.

5. As part of the scheme and artifice, defendant **Phankonsy** forged or caused to be forged prescriptions and falsified or caused to be falsified certificates of

medical necessity ("CMNs") to make it appear as if a physician had ordered a product for defendant **Phankonsy's** customers.

6. As part of the scheme and artifice, defendant **Phankonsy** paid "marketers" in Southern California to obtain patients for her various DME companies. The marketers provided the patients with money in exchange for their Medicare information which was used to bill Medicare for items not provided. Defendant **Phankonsy** paid the marketers to obtain this patient information and provided the marketers with money to give to the patients in exchange for their information.

7. For the purpose of executing the aforesaid scheme and artifice, and attempting to do so, on or about the below dates,

**ALEGRIA C. PHANKONSY,**

defendant herein, knowingly and willfully submitted and caused to be submitted to Medicare claims for reimbursement for the patients listed below, in Counts One through Fourteen, claiming reimbursement for items of DME, as specified below, which defendant **Phankonsy** knew were false, in that the items were not provided and were not necessary, and thereby obtained monies owned by and under the custody and control of Medicare, with each submission constituting a separate violation of Title 18, United States Code, Section 1347:

| Count | Patient | Alleged Date of Service | Item | Company Submitting Bill |
|---|---|---|---|---|
| 1 | M.G. | September 20, 2006 | Lower leg prostheses | Divine |
| 2 | D.C. | December 30, 2006 | Power Wheelchair Accessories | Proforma |
| 3 | B.R. | March 10, 2007 | Lower leg prostheses | Proforma |
| 4 | A.Al. | October 22, 2007 | Power Wheelchair | Proforma |
| 5 | A.Ar. | December 18, 2007 | Power wheelchair accessories | Proforma |
| 6 | B.C. | March 1, 2008 | Ostomy supplies | Divine |
| 7 | B.C. | April 1, 2008 | Ostomy supplies | Divine |

| 8 | B.C. | May 1, 2008 | Ostomy supplies | Divine |
| 9 | D.A. | April 2, 2008 | Lower leg prostheses | Proforma |
| 10 | N.M. | January 22, 2009 | Power Wheelchair Accessories | Divine |
| 11 | D.J. | January 23, 2009 | Power Wheelchair Accessories | Divine |
| 12 | D.P. | March 10, 2009 | Lower leg prostheses | Freemotion |
| 13 | N.M. | August 30, 2009 | Power Wheelchair Accessories | Freemotion |
| 14 | F.A. | October 31, 2009 | Lower leg prostheses | Freemotion |

## FORFEITURE ALLEGATION ONE
### Health Care Fraud - Medicare

1. The allegations contained in Counts One through Fourteen of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(7).

2. Upon conviction of the felony offenses charged in Counts One through Fourteen of this Criminal Indictment,

**ALEGRIA C. PHANKONSY,**
AKA MARIE VILLANUEVA,
AKA MARIE PHAN,
AKA ALEGRIA C. PHILLIPS,

defendant herein, shall forfeit to the United States of America, any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the violations of Title 18, United States Code, Section 1347, conspiracy to violate such offenses, an *in personam* criminal forfeiture money judgment up to $11,100,000.00 in United States Currency.

3. If any property subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A), as a result of any act or omission of the defendant-

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendant up to $11,100,000.00 in United States Currency.

All pursuant to Title 18, United States Code, Section 982(a)(7); Title 18, United States Code, Section 1347; and Title 21, United States Code, Section 853(p).

. . .

. . .

## FORFEITURE ALLEGATION TWO
### Health Care Fraud - Medicare

1. The allegations contained in Counts One through Fourteen of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the felony offenses charged in Counts One through Fourteen of this Indictment,

**ALEGRIA C. PHANKONSY,**
AKA MARIE VILLANUEVA,
AKA MARIE PHAN,
AKA ALEGRIA C. PHILLIPS,

defendant herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1347, a specified unlawful activity as defined in Title 18, United States Code, Section 1956(c)(7)(F), or a conspiracy to commit such an offense, an *in personam* criminal forfeiture money judgment up to $11,100,000.00 in United States Currency.

3. If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant –

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendant for an *in personam* criminal forfeiture money judgment up to $11,100,000.00 in United States Currency.

. . .

1  All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United
2  States Code, Section 2461(c); Title 18, United States Code, Section 1347, a specified
3  unlawful activity as defined in Title 18, United States Code, Section 1956(c)(7)(F); and Title
4  21, United States Code, Section 853(p).

5  **DATED:** this __14th__ day of December, 2011

6  **A TRUE BILL:**

/S/
FOREPERSON OF THE GRAND JURY

DANIEL G. BOGDEN
United States Attorney

CRANE M. POMERANTZ
Assistant United States Attorney

7